O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPPELLO GLOBAL, LLC ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> TEMSA ULASIM ARCLARI SANAYI VE TICARET A.S., ET AL, <br><br> Defendants. | Case No.: 2:19-cv-10710-MEMF-KS <br><br> **ORDER ON PLAINTIFF'S MOTIONS *IN LIMINE* [ECF NOS. 152, 153] AND DEFENDANT'S MOTIONS *IN LIMINE* [ECF NOS. 157, 158, 159, 160]** |

Before the Court are two (2) motions *in limine* filed by Plaintiff CH Bus Holdings, LLC, ECF Nos. 152, 153, and four (4) motions *in limine* filed by Defendant Temsa Ulasim Araclari Sanyi Ve Ticaret A.S, ECF Nos. 157–60. For the reasons stated herein, the Court rules on Plaintiffs' motions and Defendant's motions as described below.

**I. Background**

   **A. Factual Background**

Plaintiff CH Bus Holdings, LLC, Defendant Temsa Ulasim Araclari Sanyi Ve Ticaret A.S., and non-party Main Street Capital Corporation were all part of a negotiation whereby Main Street Capital Corporation sought to purchase Plaintiff. After the deal fell through, Michael Haggerty, the

1

principal owner of Planitiff, pointed the blame at Defendant, alleging that Defendant's actions caused the deal to fall through. Defendant denies the allegations.

### B. Procedural History

Plaintiffs Capello Global, LLC ("Capello"), CH Bus Holdings, LLC ("CH Holdings"), and Michael Haggerty ("Haggerty") commenced the instant action in the Superior Court of the State of California for the County of Los Angeles on November 6, 2019, against Defendant Temsa Ulasim Arclari Sanayi Ve Ticaret A.S. ("Temsa"). See ECF No. 1-1 ("Complaint" or "Compl."). Temsa removed to this Court on December 18, 2019. ECF No. 1.

On October 5, 2020, Camden Financial Services ("Camden") was added as a plaintiff, and Temsa North America, Inc. ("TNA," with Temsa, "Defendants") was added as a defendant. ECF No. 65. On February 25, 2021, Capello, CH Holdings, Haggerty, and Camden filed the operative Second Amended Complaint against Temsa and TNA. ECF No. 78 ("SAC"). The SAC includes the following causes of action: (1) Breach of Contract brought by Capello, Camden, and CH Holdings against Temsa[1]; (2) Tortious Interference with Economic Relations brought by CH Holdings, Capello, Camden, and Haggerty against Defendants; and (3) Tortious Interference with Contractual Relations brought by CH Holdings, Capello, Camden, and Haggerty against Defendants. *See generally* SAC.

On September 26, 2024, Capello, Camden, and Defendants filed a stipulation whereby Capello and Camden dismissed all their claims against Defendants with prejudice, leaving only CH Holdings and Haggerty as plaintiffs. ECF No. 131.

On August 29, 2024, Temsa filed a Motion for Summary Judgment, ECF No. 129 ("MSJ"), which the Court granted in part and denied in part on October 15, 2024, ECF No. 139 ("MSJ Order"). In sum, the Court granted the MSJ as to: (1) Plaintiffs' tortious interference with contractual relations claim, (2) Haggerty's claim for tortious interference with prospective economic

---

[1] As explained in the Court's Order on Temsa's Summary Judgment, the Court analyzes the first cause of action as being against Temsa. *See* ECF No. 139 at 2. The SAC does not specify against which defendant the first cause of action is brought. But the only defendant that was a party to the contract at issue—the July 4, 2017 Letter Agreement (the "Letter Agreement")—is Temsa. Moreover, the allegations relating to the first cause of action name only Temsa. SAC ¶¶ 21–27.

relations, and (3) CH Holdings' claim for tortious interference with prospective economic relations as to TNA. *Id*. at 33. Consequently, the only claims remaining in this case are: (1) CH Holdings' claim for nominal damages resulting from Temsa's alleged breach of the non-solicitation provision of the Letter Agreement, and (2) CH Holdings' tortious interference with prospective economic relations claim against Temsa. *Id*. Moreover, the Court dismissed all claims against TNA and all claims brought by Haggerty. *Id*. As such, CH Holdings and Temsa are the only remaining parties in this action. *See generally id.*

On November 20, 2024, CH Holdings filed two motions *in limine*, ECF Nos. 152, 153, and Temsa filed four motions *in limine*, ECF Nos. 157–60. On December 4, 2024, the parties filed oppositions to the respective motions *in limine*. ECF Nos. 169–73, 178, 179.[2] The Court heard oral argument on the motions at the Final Pretrial Conference on December 18, 2024.

## II. Applicable Law

### A. Motions *in limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### B. Federal Rule of Civil Procedure 26

#### i. FRCP 26(a)(1)

Federal Rule of Civil Procedure 26(a)(1)(A) provides that a:

---

[2] On December 4, 2024, CH Holdings filed a Notice of Errata, requesting the Court strike and remove from the docket the memorandum filed as ECF No. 172. ECF No. 180. For this Order, the Court considered the memorandum filed as ECF No. 173.

> party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A). Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii).

While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. *See Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).").

    ii.    FRCP 26(a)(2)

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert witness and submit an accompanying report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(A)–(B). This written report must contain, in part: (1) a complete statement of all opinions expressed by the witness and the "basis and reasons for them"; (2) the facts and data used by the witness in forming his or her opinions; and (3) the exhibits that will be used to support or summarize the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii).

Further, absent a stipulation or a court order, expert disclosures must be made "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). "[T]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005); *see also United States v. Webb*, 115 F.3d 711, 719 n. 5 (9th Cir. 1997) *abrogated on other grounds by United States v. Espinoza-Valdez*, 889 F.3d 654 (9th Cir. 2018) *quoting* 1 Graham, § 611.3, at 819 ("The proper scope and function of rebuttal is thus refutation, which involves evidence which denies, explains, qualifies, disproves, repels, or otherwise sheds light on evidence offered by the defense[.]"); Black's *Law Dictionary* 1295 (8th ed.) (defining "rebut" as "to refute, oppose, or counteract (something) by evidence, argument, or contrary proof"); *see also United States v. Collins*, 90 F.3d 1420 (9th Cir. 1996) (finding the district court did not abuse its discretion by admitting rebuttal evidence of burglary to counter the adverse party's evidence). Rebuttal evidence may be used to challenge "the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."). The scope of rebuttal evidence is within the "broad discretion" of the court. *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991) ("The district court has broad discretion in deciding what constitutes proper rebuttal evidence."); *see also Geders v. United States*, 425 U.S. 80, 86 (1976) ("Within limits, the judge may control the scope of rebuttal testimony[.]" (internal citations omitted)).

iii. FRCP 26(e)

Rule 26(e)(i) imposes a duty on parties to supplement their Rule 26(a) disclosures if the party learns that its disclosures are incomplete or incorrect. "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the Court provides two exceptions for when the information may still be introduced: if the parties' failure to disclose the required information is substantially justified or

1  harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). "Implicit in Rule 37(c)(1) is that the burden is on the
2  party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107.

### C. Federal Rule of Civil Procedure 37(c)(1)

Rule 37(c)(1) forbids a party from using any information or witnesses at trial not properly disclosed under Rule 26. Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) is a "self-executing," "automatic sanction" that "provides a strong inducement for disclosure." Fed. R. Civ. P. 37(c), dismisadvisory committee's note to 1993 amendment. "As the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Merchant*, 2021 U.S. App. LEXIS 9633, at *12 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The party facing sanctions bears the burden to prove harmlessness. *Id.* at *14.

### D. Federal Rule of Evidence 401, 402, & 403

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents.") (internal quotation marks omitted). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in

assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### E. Federal Rule of Evidence 602, 701, & 702

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge can include a witness's opinions and inferences if it is based on their own observations and experiences. *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015). The personal knowledge requirement is considered in conjunction with Federal Rule of Evidence 701, which limits the testimony of a lay, non-expert witness to opinions rationally based on their perception. Fed. R. Evid. 701. Under Federal Rule of Evidence 602, the personal knowledge requirement for lay witnesses does not apply to expert testimony under Federal Rule of Evidence 703.

Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. "Rule 701(a) contains a personal knowledge requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); see also Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *Lopez*, 762 F.3d at 864.

1       The opinion testimony of lay witnesses must be "predicated upon concrete facts within their own observation and recollection—that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982)). Accordingly, "[a] lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education, that cannot be placed before the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

      The personal knowledge requirement for lay witnesses does not apply to expert testimony. Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting Fed. R. Evid. 702). "[W]hile a court may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

### F. Federal Rule of Evidence 801, 802, & 805

      As defined by Federal Rule of Evidence 801, "hearsay" is an out-of-court statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. A statement includes "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id.* Under Federal Rule of Evidence 802, hearsay evidence is inadmissible unless otherwise provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. Hearsay within hearsay is likewise inadmissible unless each

part of the combined statements conforms with an exception to the rule against hearsay. Fed. R. Evid. 805.

### G. Federal Rule of Evidence 1002

Federal Rule of Evidence 1002 "codifies a principle long referred to at common law as the best evidence rule." *United States v. Diaz-Lopez*, 625 F.3d 1198, 1200 (9th Cir. 2010). The rule requires that "the original of a writing, recording, or photograph is required to prove contents thereof. . . . [A]n event may be proved by nondocumentary evidence, even though a written record of it was made. . . . Accordingly, the rule is inapplicable when a witness merely identifies a photograph or videotape as a correct representation of events which he saw or of a scene with which he is familiar." *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (citing to Fed. R. Evid. 1002 Advisory Committee's note) (internal citations omitted); *see also United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir.1996) ("[A] tape recording cannot be said to be the best evidence of a conversation when a party seeks to call a participant in or observer of the conversation to testify to it. In that instance, the best evidence rule has no application at all."). Nonetheless, the best evidence rule is not applicable "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself—particularly when the witness was not privy to the events those contents describe." *Id.* (citing to Fed. R. Evid. 1002 Advisory Committee's note).

### III. Discussion

CH Holdings moves to exclude at trial (1) references to extraneous litigation or disputes involving it, ECF No. 152, and (2) testimony from Temsa's expert witness, Roger Smith, regarding (i) Smith's legal opinions as to the legal theories or avenues of recovery for CH Holdings; (ii) CH Holdings' extraneous liabilities to Temsa; and (iii) certain offsets he claims are owed to Temsa by CH Holdings, ECF No. 153.

Temsa moves to exclude at trial (1) CH Holdings' expert, Karl J. Schulze, ECF No. 157; (2) Haggerty's testimony concerning (i) the quality of Temsa's coach buses or other Temsa products; (ii) the alleged cultural differences between Turkish and American businesspeople; (iii) Temsa's, its parent companies', and/or the Sabanci family's wealth, financial status, and/or any financial disparity among the parties; and (iv) the Armenian Genocide, ECF No. 158; (3) any argument or

evidence as to Temsa's allegedly wrongful contact and/or interference with the clients, customers, non-officer employees, lenders, or banks of CH Bus Sales, LLC's ("CH Bus Sales"), CH Holdings' subsidiary, ECF No. 159; and (4) any evidence or argument concerning: (i) Temsa's alleged breach of the Letter Agreement, except the non-solicitation provision; (ii) any damages, other than nominal damages, on the breach of contract claim; and (iii) any damages suffered by Haggerty individually, including emotional distress damages, ECF No. 160.

### A. Evidence Relating to CH Holdings' Extraneous Litigation or Disputes Shall Not be Permitted (CH Holdings' Motion *in limine* No. 1, ECF No. 152).

CH Holdings moves to preclude Temsa from referencing other lawsuits or disputes involving CH Holdings, Temsa, and/or their subsidiaries, employees, or agents as irrelevant, unduly prejudicial and not probative, likely to confuse and mislead the jury, a waste of time, and impermissible character evidence. *See generally* ECF No. 152-1.

Temsa opposes on the ground that the evidence of other litigation is relevant to Temsa's defenses; the risks of unfair prejudice, undue confusion, misleading the jury, or wasting time do not substantially outweigh the probative value of this evidence; the evidence is relevant and highly probative to the jury's full understanding of the case; and that the evidence does not constitute impermissible character evidence. *See generally* ECF No. 178.

Temsa's opposing arguments are unavailing. The facts that Temsa asserts are relevant—e.g., CH Holdings' financial conditions, *see id.* at 4—are proven by underlying facts and evidence in the instant case, not through evidence of CH Holdings' extraneous litigation or disputes. Moreover, the reason for which CH Holdings filed the instant action, *see id.* at 8, does not matter when determining whether the evidence of other litigation should be admitted or excluded. Rather, what matters is whether the evidence assists the jury determine whether elements of the claims have been met.

As such, the Court GRANTS CH Holdings' Motion *in limine* No. 1.

### B. Roger Smith's Expert Testimony Shall Be Permitted (CH Holdings' Motion *in limine* No. 2, ECF No. 153).

CH Holdings seeks to exclude as impermissible legal conclusion, irrelevant, and prejudicial the opinions of Temsa's expert, Roger Smith, to the effect that: (1) CH Holdings' damages should be based on his own interpretation of the allegations contained in the SAC; (2) Temsa's "lack of

consent" to continue its distribution agreement with CH Holdings cannot form the basis for the tortious interference claims alleged in the SAC; and (3) CH Holdings must establish that Temsa's conduct was the sole cause of harm. ECF No. 153-1 at 4. CH Holdings also moves to exclude Smith's statements about extraneous liabilities as irrelevant and prejudicial. *See id*. at 6–7. Temsa opposes on the grounds that CH Holdings "misrepresents" Smith's opinions and that Smith provided rebuttal expert opinions. *See* ECF No. 179 at 2–3.

The Court DENIES the Motion in its entirety. The Court finds that CH Holdings' arguments largely mischaracterize Smith's opinions, and, in any event, go toward the weight of Smith's testimony, not to its admissibility.

Accordingly, the Court DENIES CH Holdings' Motion *in limine* No. 2.

### C. CH Holdings' Expert Karl J. Schulze Shall Be Permitted (Temsa's Motion *in limine* No. 1, ECF No. 157).

Temsa moves to preclude Schulze from offering expert testimony or opinions as unreliable, likely to mislead the jury, and under *Daubert*. *See* generally ECF No. 157. In its opposition, CH Holdings argues that Schulze's opinions should be admitted because they are, by a preponderance of the evidence, reliable and will be helpful to the jury. *See generally* ECF No. 169.

The Court finds Temsa's arguments similarly go toward the weight of Schulze's testimony, not to its admissibility. Accordingly, the Court DENIES Temsa's Motion *in limine* No. 1.

### D. Haggerty's Testimony Shall Be Permitted (Temsa's Motion *in limine* No. 2, ECF No. 158).

Temsa moves to exclude as irrelevant, prejudicial, and likely to cause confusion or mislead the jury Haggerty's testimony as to (1) the quality of Temsa's products, (2) the alleged cultural differences between Turkish and American businesspeople; (3) Temsa's, its parent companies', and/or the Sabanci family's wealth; and (4) the Armenian Genocide. *See generally* ECF No. 158. At the Final Pretrial Conference held on December 18, 2024, Temsa withdrew the Motion as to the second issue. As to the third and fourth issues, CH Holdings points out that the parties agreed not to mention them. *See* ECF No. 170 at 11–12. Accordingly, the only remaining issue is Haggerty's testimony about the quality of Temsa's products.

CH Holdings opposes on the ground that the testimony about the quality of Temsa's products is "essential" for the jury to understand Temsa's alleged violation of the non-solicitation agreement. *See* ECF No. 170 at 4, 10–11.

The Court finds that the first category (Haggerty's testimony about the quality of Temsa's products) is relevant to Temsa's alleged violation of the non-solicitation agreement and helpful for the jury to determine the claims presented in this action. As such, the Court DENIES Temsa's Motion *in limine* No. 2 with respect to the first category. The Court understands from counsel that the Motion is WITHDRAWN with respect to the second category. Based upon the representations of counsel, the Court DENIES AS MOOT the Motion with respect to the third and fourth categories.

### E. Evidence or Argument as to Temsa's Contacts or Interference with CH Bus Sales, CH Holdings' Subsidiary, Shall Be Permitted (Temsa's Motion *in limine* No. 3, ECF No. 159).

Temsa requests the Court exclude any evidence of Temsa's contacts with the clients, customers, non-officer employees, lenders, banks, and business partners of CH Bus Sales—CH Holdings' subsidiary—as irrelevant and precluded under the law of the case doctrine. *See generally* ECF No. 159.

CH Holdings opposes on the ground that the evidence is relevant to its nominal damages for its breach of contracts claim. *See* ECF No. 171 at 4. CH Holdings also asserts that Temsa's contacts with others is "necessary" for the jury to evaluate CH Holdings' tortious interference with prospective economic relations claim—namely, whether Temsa had a potential wrongful motive to sabotage the deal with Main Street. *See id*. at 9.

The Court finds the evidence of Temsa's contacts with *CH Bus Sales*' clients, customers, non-officer employees, lenders, banks, and business partners relevant to *CH Holdings*' claims—e.g., Temsa's contacts may, at least circumstantially, show that it was violating the non-solicitation provision. Moreover, CH Holdings will be permitted to attempt to show that the persons solicited were its own "agents." In light of this, the parties are ORDERED to meet and confer on appropriate jury instructions with respect to agency and include them in the submissions due December 26, 2024.

For the foregoing reasons, the Court DENIES Temsa's Motion *in limine* No. 3.

As discussed, the Court has determined that there were a number of clerical errors in its Findings of Fact on the Motion for Summary Judgment, ECF No. 139, with respect to the non-solicitation provision. The Court will issue an Amended Order shortly.

**F. Evidence or Argument on Issues Already Decided by the MSJ Order Shall Not Be Permitted (Temsa's Motion *in limine* No. 4, ECF No. 160).**

Temsa seeks to exclude as irrelevant, prejudicial, likely to confuse the jury, and precluded under the law of the case doctrine evidence or argument relating to (1) Temsa's alleged breach of the Letter Agreement, except the non-solicitation provision; (2) any damages other than nominal damages on the breach of contract claim[3]; and (3) any damage suffered by Haggerty, individually. *See* ECF No. 160 at 1.

In its opposition, CH Holdings first notes that the parties "already agreed to refrain from introducing at trial" the evidence that Temsa seeks to exclude. ECF No. 173 at 3–4. CH Holdings nevertheless requests this Court deny the Motion in its entirety on the ground that its theory of damages is viable. *Id.* at 4.

CH Holdings does not dispute that the three categories identified by Temsa shall be excluded. Accordingly, the Court GRANTS Temsa's Motion *in limine* No. 4.

/ / /

/ / /

---

[3] Temsa argues that any evidence of damages as to the breach of contracts claims, other than for nominal damages, should be excluded because CH Holdings failed to disclose viable damages theories pursuant to Rule 26(a)(1)(C)(iii) of the Federal Rules of Civil Procedure. ECF No. 160 at 7–8.

13

IV. **Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. CH Holdings' Motion *in limine* No. 1, ECF No. 152, is GRANTED;
2. CH Holdings' Motion *in limine* No. 2, ECF No. 153, is DENIED;
3. Temsa's Motion *in limine* No. 1, ECF No. 157, is DENIED;
4. Temsa's Motion *in limine* No. 2, ECF No. 158, is DENIED as to the first category (Haggerty's testimony about the quality of Temsa's products), WITHDRAWN as to the second category, and DENIED AS MOOT as to the third and fourth categories;
5. Temsa's Motion *in limine* No. 3, ECF No. 159, is DENIED; and
6. Temsa's Motion *in limine* No. 4, ECF No. 160, is GRANTED.

IT IS SO ORDERED.

Dated: December 19, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge